```
 1
 2
 3
 4
 5
 6
 7
 8                         UNITED STATES DISTRICT COURT
 9                        EASTERN DISTRICT OF CALIFORNIA
10
11   PUBLIC LANDS FOR THE PEOPLE,        No. 2:09-cv-02566-MCE-EFB
     INC., a California 501 C-3
12   non-profit corporation;
     GERALD E. HOBBS; PATRICK
13   KEENE; KEENE ENGINEERING
     CO, INC., a California
14   corporation; ROBERT HAIDUCK;
     TERRY STAPP; DEE STAPP; DAVID
15   DECOSTA; JAMES GREGORY LEE;
     MIKE HOLT; TODD BRACKEN;
16   SHANNON POE; and DAVID
     RICHARD,
17
               Plaintiffs,
18
          v.                             **MEMORANDUM AND ORDER**
19
     STATE OF CALIFORNIA; ARNOLD
20   SCHWARZENEGGER, in his official
     capacity as Governor of the
21   State of California; CALIFORNIA
     DEPARTMENT OF FISH AND GAME;
22   DONALD KOCH, in his official
     capacity as Director, California
23   Department of Fish & Game; and
     Does 1-20,
24
               Defendants.
25
26                              ----oo0oo----
27
28   ///
```

1

Through the present action, Plaintiff Public Lands for the People, Inc. ("PLP" or "Plaintiffs") a nationwide miners' association, along with a number of individual miners, seek to invalidate a California statute, SB 670, signed into law by Governor Schwarzenegger on August 5, 2009 and codified as California Fish and Game Code § 5653.1. SB 670 imposes a temporary moratorium on instream suction mining in California until the Department of Fish and Game ("DFG") completes a full environmental review of that mining process. In suction mining, silt, sand and small gravels are vacuumed from streambeds and a dredge machine is used to filter out gold before screened material is passed back into the waterway.

Plaintiffs' Complaint includes numerous causes of action which allege, <u>inter alia</u>, violations of equal protection, due process, unlawful takings, violations of interstate and foreign commerce provisions, and improper preemption of federal statutes and regulations. Now before the Court is Defendants' Motion to Dismiss, also brought on numerous grounds, including contentions under Federal Rule of Civil Procedure 12(b)(1) that the Court lacks subject matter jurisdiction because most of Plaintiffs' claims are barred by the Eleventh Amendment of the United States Constitution, and because Plaintiffs lack standing to bring this action. Defendants also move to dismiss on abstention grounds, arguing that the Court should refrain from hearing this matter in any event under the principles set forth by the United States Supreme Court in <u>Younger v. Harris</u>, 401 U.S. 37 (1971). As set forth below, Defendants' Motion will be granted.

///

**BACKGROUND**

In 2005 the Karuk Tribe of California sued the DFG in Alameda County in an effort to enjoy suction dredge mining in the Klamath, Scott and Salmon Rivers of Northwest California, where the Karuk Tribe has its homeland.[1] The Tribe argued that suction mining practices posed environmental dangers and violated various provisions of the California Fish and Game Code. Ultimately, the 2005 litigation was concluded pursuant to an Order and Consent Judgment whereby the DFG agreed to conduct an updated environmental review pursuant to the California Environmental Quality Act ("CEQA"), California Resources Code § 21000, et seq.

When the required CEQA review did not take place within 18 months as the Karuk Plaintiffs anticipated, three tribe members filed a new taxpayer action, entitled <u>Hillman et al. v. California Department of Fish and Game</u>, No. RG 09434444 (Alameda Sup. Ct.); Pls.' Compl., ¶ 32.[2] That lawsuit, filed in February 2009, sought to stop public funding of the suction mining permitting process and, like its predecessor, was filed in Alameda County Superior Court.

///
///

---

[1] See <u>Karuk Tribe of California, et al., v. California Department of Fish and Game</u>, No. RG 052211597 (Alameda Sup. Ct.); Pls.' Compl., ¶ 13. Defendants have filed a Request for Judicial Notice asking the Court to take judicial notice, under Federal Rule of Evidence 201, of documents filed in that action. That request was unopposed and is granted.

[2] Defendants have similarly requested that the Court take judicial notice of filings from the <u>Hillman</u> action; that request was also unopposed and is granted.

The Hillman court ultimately issued a preliminary injunction on July 10, 2009, which prohibited the DFG from spending any monies from the State's General fund for the issuance of suction dredge permits until after DFG completed the CEQA review previously ordered in the 2005 lawsuit. (See Defs.' Request for Judicial Notice, Ex. E). Plaintiff PLP, which intervened in the action, has appealed the trial court's injunction. That appeal remains pending.

In the meantime, on August 5, 2009, less than a month after the Alameda County injunction was issued, Governor Schwarzenegger signed SB 670 into law, a statute which like the injunction establishes a temporary ban on suction mining until after DFG's environmental review of the practice. That prompted PPL to sue the State of California, as well as the Governor and the DFG's former director, Donald Koch, in their official capacities. As indicated above, Plaintiffs' lawsuit contains a plethora of some eleven different counts which seek, among other relief, a declaration that SB 670 is invalid, an injunction against the statute's enforcement, and damages. As indicated above, Defendants now challenge that lawsuit through concurrently filed motions seeking either dismissal, the striking of certain portions of the Complaint, or a more definite statement of the allegations Plaintiffs do attempt to levy.

///
///
///
///
///

4

**STANDARD**

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack"). Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the motion constitutes a facial attack, the court must consider the factual allegations of the complaint to be true. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Generally, leave to amend should be denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

///
///
///
///

**ANALYSIS**

**A. Eleventh Amendment Claims**

The Eleventh Amendment bars all suits in federal court, whether in law or equity, against states, state agencies, and state officials sued in their official capacities. See Seven Up Pete Venture v. Schweitzer, 523 F.3d 948, 952 (9th Cir. 2008) (as to states); Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) (as to state agencies); Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007) (as to state officials). As the Ninth Circuit explained in In re Jackson, 184 F.3d 1046 (9th Cir. 1999), "Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised at any time during judicial proceedings or by the court sua sponte." Id. at 1048.

The only exception to the immunity afforded under the Eleventh Amendment is with respect to state officials sued to prevent an ongoing violation of federal law, which under the so-called Ex Parte Young doctrine may be sued in federal court in their official capacities. Ex Parte Young, 209 U.S. 123 (1908); Idaho v Coeur d'Alene Tribe, 521 U.S. 261, 269-71 (1997).

Defendants argue that all Defendants except Director Koch are immunized by Ex Parte Young. Although Governor Schwarzenegger is also individually named, he too is immunized from liability because he, unlike the Director of the Department of Fish and Game, is not tasked with enforcing SB 670 and consequently cannot be enjoined from so doing. See Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002).

In arguing against the application of Eleventh Amendment immunity, Plaintiffs rely on the 1850 Act of Congress under which California was granted statehood. See 31 Cong. Ch. 50 § 3, 9 Stat. 452 (Sept. 9, 1850) (attached as Ex. D to Pls.' Mot).[3] That statute generally provided that California must not interfere with the disposition of public lands under the title of the United States.

No case law since 1850 has adopted the reasoning Plaintiffs urge this Court to adopt in finding that California waived its immunity to suit in federal court as a precondition to joining the Union. Moreover, as defendants point out, however, nothing in the Congressional Act of Admission itself refers to California's amenability to suit in federal court. That omission is dispositive given clear case law that if Congress intends to subject the states to federal jurisdiction, it must do so specifically. See, e.g., Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 246 (1985); Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73-74 (2000) ("Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute").

///
///

---

[3] That portion of the Act relied on by Plaintiffs states in pertinent part as follows: The "State of California is admitted into the Union upon the express condition that the people of said State, through their legislature or otherwise, shall never interfere with the primary disposal of the public lands within its limits, and shall pass no law and do no act whereby the title of the United States to, and right to dispose of, the same shall be impaired or questioned."

7

This proposition is underscored by the provisions of various federal statutory schemes. The Americans with Disabilities Act, for example, specifically abrogated the states' Eleventh Amendment immunity by stating as follows: "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202. Similarly, too, the Age Discrimination in Employment Act also abrogated Eleventh Amendment immunity given its provision allowing suit "against any employer (including a public agency) in any Federal or State Court of competent jurisdiction." 29 U.S.C. § 216(b); Kimel, 528 U.S. at 73-74.

In this case, the 1850 Act provides no such unequivocal language allowing California to be sued in federal court. This Court consequently finds that the Eleventh Amendment bars all of Plaintiffs' claims in the present matter except for those alleging prospective relief against the Director of the California Department of Fish and Game.

**B. PLP Lacks Standing if its Alleged Injuries Cannot be Redressed through a Favorable Outcome of this Litigation**

Standing is a critically important jurisdictional limitation. Federal courts can only determine such matters as arise in the context of a general "case" or "controversy" under Article III of the United States Constitution. Sec. and Exch. Comm'n v. Med. Comm. for Human Rights, 404 U.S. 403, 407 (1972).
///

A party's standing to sue is "an essential and unchanging part of the case-or-controversy requirement in Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Standing depends upon showing, at an "irreducible minimum", that a plaintiff's injury can be likely be redressed through a favorable decision. See id. at 560-61. Speculation as to whether an injury can be redressed through such favorable decision is not sufficient. Id. Here, Defendants argue that the Alameda County Superior Court has already enjoined DFG's issuance of dredge mining permits in order to compel DFG to comply with requirements of CEQA that are not at issue here. Consequently, according to Defendants, even if a favorable decision was rendered in this case, that decision would have no practical effect given that the ongoing state court injunction would remain in effect. Defendants therefore argue that an essential component of standing is absent. See, e.g., Nuclear Info. and Res. Serv. v. Nuclear Regulatory Comm'n, 457 F.3d 941, 955 (9th Cir. 2006) (plaintiff lacked standing to challenge a regulation of the Nuclear Regulatory Commission because even were the regulation found invalid, it would still be barred by an independent Department of Transportation regulation).

In response, all Plaintiffs appear to argue is that the Court's decision here may cause the state court to terminate its injunction, since Judge Roesch stayed further proceedings in the Alameda County action, but not Plaintiffs' appeal of the preliminary injunction, given the passage of SB 670 and the challenge to it brought here.

///

Plaintiffs therefore argue that "[i]t is quite obvious that Judge Roesch is seeking guidance from this Court." Opp., 5:1-3. That reasoning, however, largely amounts to speculation as to what effect this Court's findings could have on the state court, and such speculation is not enough to satisfy Plaintiffs' burden of showing the likelihood of redressability. Lujan, 504 U.S. at 561.

Significantly, in Renee v. Duncan, 573 F.3d 903 (9th Cir. 2009), the Ninth Circuit found that where the criteria for rating teachers under the No Child Left Behind Act was subject to independent state law, a declaration of federal law could not be deemed to have any significant "coercive effect" on California's independent action. Id. at 911.

Consequently, with respect to that portion of this lawsuit which survives the bar of Eleventh Amendment immunity, there is no redressable injury which can confer the standing that Plaintiffs must possess in order to maintain this lawsuit.

**C.   Younger Abstention.**

Plaintiffs' lawsuit fares no better even if a redressable injury were to be identified. That is because, to the extent that this Court is empowered to act, it should refrain from doing so given the abstention doctrine enunciated by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971).

///
///
///

Pursuant to so-called Younger abstention, federal courts are cautioned to exercise "restraint in the fact of ongoing state judicial proceedings." Gilbertson v. Albright, 381 F.3d 965, 975 (9th Cir. 2004) (en banc). Under Younger, a federal court must abstain, and dismiss a federal action, where four criteria are satisfied: 1) there must be ongoing state proceedings; 2) that implicate important state interests; 3) where the federal plaintiff is not barred from litigating federal constitutional issues in those state proceedings and 4) where the federal action would interfere with the state action "in a way that Younger disapproves." Id. at 978. Each element must be satisfied in order to justify abstention. AmeriscourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).

Younger abstention is a doctrine of equitable restraint rather than a purely jurisdictional limitation. Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 626 (1986) (Younger abstention "does not rise from lack of jurisdiction of the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced").

The Younger criteria appear to be met in this matter. First, the Alameda County Hillman action remains ongoing and on appeal. See Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975) (state proceedings are still pending when a case is on appeal); Beltran v. State of Cal., 871 F.2d 777, 782 (9th Cir. 1988) (as long as state proceedings were pending at the time federal action was initiated, Younger applies).

11

Second, the enforcement of California's environmental laws has been deemed by other courts to be an important state interest for purposes of applying Younger. See, e.g., Carter v. City of Richmond, 1997 WL 397761 at *4 (N.D. Cal. 1997). Third, because PLP is already a Plaintiff-Intervenor in the Hillman action, because PLP asserted in that case many of the same claims raised here, and because PLP appealed the state court's preliminary injunction in Hillman, Plaintiffs clearly have not been barred from raising the federal issues they now assert in this action. Finally, with regard to interference with the state court proceeding, it seems clear that the practical result of this action would amount to an injunction against the state court injunction, a result clearly at odds with the state court process.

Plaintiffs cite the Ninth Circuit's decision in Walnut Properties Inc. v. City of Whittier, 861 F.2d 1102, 1107 (9th Cir. 1988) for the proposition that Younger abstention should not apply where the state court has stayed its own proceedings pending resolution of the case in a federal forum, and argue that Judge Roesch's stay of proceedings mentioned above accordingly qualifies for exemption. In Walnut Properties, however, the Ninth Circuit found that there were no ongoing state proceedings given the stay, making Younger abstention unwarranted on that ground alone. Id. at 1106-07.

///
///
///
///

Here, on the other hand, the state court stay order specifically does not apply to ongoing appellate proceedings and thus, under the authority cited above this case, the state court Hillman action remains ongoing. Moreover, the efficacy of the continuing preliminary injunction itself remains unaffected despite the stay of any additional activity in this case.

**CONCLUSION**

As set forth above, the majority of Plaintiffs' claims in this lawsuit are clearly precluded by the immunity provided by the Eleventh Amendment. Further, any claims that remain viable against the Director of the California Department of Fish and Game, are barred because the necessary standing to bring such claims is absent.

Alternatively, the Court should refrain under the principles of so-called Younger abstention from hearing the claims asserted here in any event.

Defendants' Motion to Dismiss (Docket No. 7) is therefore GRANTED.[4]

///
///
///

---

[4] Because the Court finds dismissal to be warranted on these grounds alone, it need not consider the additional arguments advanced by Defendants for dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) and declines to do so. Additionally, given the dismissal of this matter in its entirety, Defendants' alternative requests that certain portions of Plaintiffs' Complaint be stricken under Rule 12(f), and that Plaintiffs be ordered to file a more definite statement of their claims under Rule 12(e), are denied as moot.

13

Because the Court does not believe that the deficiencies of Plaintiffs' claims can be remedied through amendment of their pleadings, no leave to amend will be afforded.  The Clerk of Court is hereby directed to close this file.

IT IS SO ORDERED.

Dated: March 15, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE